UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** CV 19-5020-MWF (RAOx) | | **Date:** September 26, 2019 |
| **Title:** Balbina Padilla v. Alta Dena Certified Dairy, LLC et al. | | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE: DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION, DISMISS CLASS CLAIMS, AND DISMISS OR STAY ACTION [13]; REQUEST TO STRIKE DOCKET NOS. 20, 21, 22 AND 23 [25]

Before the Court is Defendants Alta Dena Certified Dairy, LLC's ("Alta Dena") and Dean Foods Company's ("Dean Foods") Motion to Compel Arbitration (the "Motion"), filed on August 9, 2019. (Docket No. 13). Plaintiff Balbina Padilla filed an Opposition on August 26, 2019. (Docket No. 18). Defendants filed a Reply on September 12, 2019. (Docket No. 30).

The Court has read and considered the papers filed in connection with the Motion and held a hearing on September 23, 2019.

For the reasons discussed below, the Motion is **DENIED**. The arbitration agreement does not cover these statutory claims and Plaintiff has not waived her right to bring such claims in a judicial forum.

Plaintiff also filed a request to strike Dockets Nos. 20, 21, 22, and 23. (Docket No. 25).

Plaintiff's request to strike Docket Nos. 20, 21, 22, and 23 is **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5020-MWF (RAOx)                         Date:  September 26, 2019
Title:    Balbina Padilla v. Alta Dena Certified Dairy, LLC et al.

## I. BACKGROUND

Plaintiff commenced this putative class action in the Los Angeles County Superior Court on March 29, 2019.  (Notice of Removal ("NoR") ¶ 1 (Docket No. 1); Complaint (Docket No. 1-3)).  Plaintiff served the Complaint on or about May 9, 2019.  (NoR ¶ 2).  On June 10, 2019, Defendants removed this action, invoking the Court's jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  (NoR ¶¶ 6-36).

### A. Plaintiff's Claims

Plaintiff brings this action on behalf of herself and "all non-exempt employees employed by or formerly employed by [Defendants] within the State of California who are California Citizens at the time of the filing of this Complaint."  (*Id.* ¶ 1).  Plaintiff defines the "Class Period" as the four years prior to the filing of the Complaint through the date final judgment.  (*Id.* ¶ 1).

The Complaint contains the following allegations:

Plaintiff Balbina Padilla was employed by Defendants in a non-exempt hourly position as a material handler from about 1985 through April 2018.  (*Id.* ¶ 5).

During the Class Period, Defendants required Plaintiff and the Plaintiff Class to perform work over eight hours a day without paying lawful overtime compensation.  (*Id.* ¶ 9).  Defendants also had a policy and practice of not paying Plaintiff and the Plaintiff Class overtime for all hours worked after 8 hours in a day or 40 hours in a week.  (*Id.* ¶ 10).  Defendants failed and/or refused to schedule Plaintiff and the Plaintiff Class in an overlapping manner and caused members of the Plaintiff Class to work without being given requisite rest periods.  (*Id.* ¶ 11).  Defendants also failed to provide accurate wage statements.  (*Id.* ¶ 14).  Plaintiff and the Plaintiff Class were also terminated by or resigned from their positions with Defendants, but Defendants did not pay them all wages which were due upon their terminations.  (*Id.* ¶ 63).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 19-5020-MWF (RAOx) | Date: September 26, 2019 |
| Title: Balbina Padilla v. Alta Dena Certified Dairy, LLC et al. | |

The Complaint asserts six claims for relief: (1) failure to pay all wages including overtime wages in violation of California Labor Code §§ 510, 1194, and 1197; (2) failure to provide meal periods in violation of California Labor Code §§ 226.7 and 512 and Wage Order 16-2001, § 11; (3) failure to provide rest periods in violation of California Labor Code §§ 226.7 and Wage Order 16-2001, § 12; (4) failure to provide accurate itemized wage statements in violation of California Labor Code §§ 226, 226.3; (5) failure to pay wages upon termination of employment in violation of California Labor Code §§ 201, 202, and 203; and (6) unfair business practices in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.* (Compl. ¶¶ 21-73).

### B. Collective Bargaining Agreement

Defendants assert that Plaintiff was a member of Teamsters Union Local No. 630 (the "Union") during her employment at Alta Dena. (Mot. at 1; Declaration of Andrea Bettis ("Bettis Decl."), ¶ 3 (Docket No. 13-3)). On March 1, 2015, the Union and Alta Dena entered into a Collective Bargaining Agreement ("CBA"). (Mot. at 1; Bettis Decl. ¶ 3). Plaintiff does not dispute either of these assertions.

The CBA contains provisions regarding employees' hours and wages. For example, it defines "full week's work" as forty hours of work within five consecutive days, which can either be scheduled as five eight-hour days or as four ten-hour days. (Bettis Decl., Ex. A ("CBA"), ¶ 11.3). It sets forth hourly rates, including overtime rates and premium rates. (*Id.* ¶¶ 11.5(b), 11.6).

The CBA also covers employees' meal and rest periods. (*Id.* ¶¶ 30.1-30.5). It also states that "[t]he Parties agree that the minimum requirement concerning meals and rest periods shall at all times meet the minimum thresholds as required by the appropriate work order under the Industrial Welfare Commission." (*Id.* ¶ 30.4).

The CBA additionally provides provisions regarding termination notice. (*Id.* ¶¶ 15.1-15.2). It states that "[r]egular employees shall give and be given one (1) weeks' [*sic*] notice or one (1) week's pay in lieu of notice in case of termination of employment." (*Id.* ¶ 15.1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5020-MWF (RAOx)                    Date:  September 26, 2019
Title:    Balbina Padilla v. Alta Dena Certified Dairy, LLC et al.

    Neither party has pointed to any provision in the CBA that addresses Defendants' obligation to provide accurate wage statements.

    The CBA provides for a grievance and arbitration procedure. (*Id.* ¶¶ 35.1-35.15). This procedure applies when "a dispute arises over a violation of a specific provision of this Agreement." (*Id.* ¶ 35.1). In such a case, the CBA requires the employee to follow a three-step procedure after filing a grievance. (Mot. at 3; CBA ¶ 35.4). In the first step, the Parties shall meet with the local Human Resources Business Partner. (CBA ¶ 35.4). In the second step, the Human Resources Director/Manager or the Union Representative may meet to discuss the grievance. (*Id.*). If the issue is not resolved in the first two steps, either Party may seek arbitration. (*Id.*).

## II.  LEGAL STANDARD

    "One of the threads running through federal arbitration jurisprudence is the notion that arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which [one] has not agreed so to submit." *Textile Unlimited, Inc. v. A.BMH & Co.*, 240 F.3d 781, 786 (9th Cir. 2001) (internal quotations and citation omitted). The Federal Arbitration Act ("FAA") states that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Accordingly, "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements." *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).

    In California, "'[t]he party seeking arbitration bears the burden of proving the existence of a valid arbitration agreement by the preponderance of the evidence, and a party opposing the petition bears the burden of proving by a preponderance of the evidence any fact necessary to its defense.'" *Galvan v. Michael Kors USA Holdings, Inc., et al.*, 2017 WL 253985, at *3 (C.D. Cal. Jan. 19, 2017); *see Socoloff v. LRN Corp.*, 646 Fed. App'x 538, 539 (9th Cir. 2016); *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1260 (9th Cir. 2017).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5020-MWF (RAOx)           Date:  September 26, 2019
Title:      Balbina Padilla v. Alta Dena Certified Dairy, LLC et al.

## III. DISCUSSION

Here, the parties do not dispute that Plaintiff entered into the CBA, which includes an arbitration clause. Nonetheless, Plaintiff argues that she should not be compelled to arbitrate her claims for three reasons: (1) Plaintiff's statutory rights are separate and distinct from the rights arising under the CBA; (2) the CBA does not clearly and unmistakably waive Plaintiff's right to litigate her statutory wage and hour claims in a judicial forum; and (3) the arbitration agreement is not enforceable because it is unconscionable.

The first two arguments relate to the scope of the CBA; *i.e.*, whether the parties intended to arbitrate the statutory claims at issue. Therefore, the Court examines the arguments together.

Ordinarily a presumption of arbitrability applies to contractual disputes arising out of a collective bargaining agreement. *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 78 (1998). However, this presumption is not applicable to statutory violations. *Id.; see also Vasquez v. Superior Court*, 80 Cal. App. 4th 430, 434, 95 Cal. Rptr. 2d 294 (2000) (California law likewise excludes statutory violations from the presumption).

Indeed, "any CBA requirement to arbitrate [statutory claims] must be particularly clear." *Wright*, 525 U.S. at 79. This is so because "the right to a federal judicial forum is of sufficient importance to be protected against less-than-explicit union waiver in a CBA." *Id.* at 80. Accordingly, a court "will not infer from a general contractual provision that the parties intended to waive a statutorily protected right unless the undertaking is 'explicitly stated.'" *Id.* at 80. "More succinctly, [a union-negotiated] waiver must be clear and unmistakable." *Id.*

Here, Plaintiff argues that her claims are based on violations of three statutes: the California Labor Code, the UCL, and the Wage Orders. (Opp. at 10-11). Therefore, she argues that the presumption of arbitrability should not apply to her claims. (*Id.*). She also argues that her waiver of her statutory rights to a judicial forum was not clear and unmistakable because the CBA only requires employees to arbitrate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 19-5020-MWF (RAOx)          **Date:** September 26, 2019
**Title:**     Balbina Padilla v. Alta Dena Certified Dairy, LLC et al.

disputes over the provisions of the agreement. (*Id.* at 7). She further argues that the CBA only suggests that the employee resolve the said issue through the grievance process. (*Id.*). Therefore, she asserts that her claims are not subject to arbitration.

Defendants disagree. Defendants first argue that the presumption of arbitrability should apply and that the CBA should be read to encompass Plaintiffs' claims. (Reply at 2). Defendants point out that the CBA sets forth a number of provisions regarding the Union members' hours and wages. (*Id.*). Therefore, the CBA is susceptible to an interpretation that covers the wage and hour claims under the presumption. (*Id.*). Defendants also assert that the terms in the CBA form the central basis for Plaintiffs' entire action argue and that it is "completely irrelevant" whether Plaintiff's statutory rights are separate from the rights set forth in the CBA." (Reply at 2, n.1).

At the hearing, the Court noted that the CBA does not cover all the claims at issue. For example, the CBA does not have a provision regarding Defendants' obligation to provide accurate wage statements. In response, Defendants argued that this absence is not critical because the wage statement claim is derivative of all the other wage claims. According to Defendant, Plaintiff is merely alleging that her wage statement is not accurate because she was not paid certain wages based on her other claims. Accordingly, Defendant argued that the wage statement claim would likely be resolved when the other wage claims are addressed.

Additionally, Defendants argues that the "explicit waiver" requirement does not apply here, and that Plaintiff is not waiving a claim by agreeing to arbitrate them. (Reply at 3). Even if the explicit waiver requirement were to apply, Defendants additionally argue that Plaintiff has waived her rights because the CBA "provides that where a dispute arises over these terms[,] the grievance procedure '*shall* be followed to attempt to resolve said dispute.'" (Reply at 3).

At the hearing, Defendants reiterated their argument that the "explicit waiver" requirement should not apply here. Because the clear and unmistakable waiver standard only applies to arbitration provisions in collective bargaining arguments under *Wright*, Defendants argued that this requirement is essentially imposing a prerequisite

---

                                 **CIVIL MINUTES—GENERAL**                                6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 19-5020-MWF (RAOx)**     **Date:  September 26, 2019**
**Title:**     Balbina Padilla v. Alta Dena Certified Dairy, LLC et al.

to enforcing an arbitration provision.  According to Defendants, such a prerequisite would be preempted or displaced by the FAA.  Defendants also pointed out that imposing such a requirement only to arbitration agreements would conflict with numerous United States Supreme Court cases.

In light of the United States Supreme Court's decision in *Wright*, however, the Court does not find Defendants' argument to be persuasive.

First, with regard to the presumption of arbitrability, the United States Supreme Court held in *Wright* that the presumption of arbitrability does not apply to statutory claims.  525 U.S. at 78.  Here, Plaintiff is plainly bringing statutory claims, not contract claims based on the CBA.  Her claims are based in Defendants' failure to provide adequate wages, meal periods, rest periods, and accurate wage statements under California law, not under the CBA.  Even if the CBA created a coextensive contractual right, the CBA does not cover the statutory claims at issue because "the ultimate question for the arbitrator would be not what the parties agreed to, but what federal law requires; and that is not a question which should be *presumed* to be included within the arbitration requirement."  *See Wright*, 525 U.S. at 79 (emphasis in the original).

The parties have not pointed to any language in the CBA that states that it is the parties' intent to arbitrate the statutory claims at issue.  Although the CBA states that "the minimum requirements concerning meal and rest periods may vary . . . based on . . . the appropriate Industrial Welfare Commission work order," *see* CBA at ¶ 30.3, this is not sufficient for the Court to conclude that the parties intended to subject all statutory claims arising out of the Wage Order – let alone all other California statutes.

Plaintiff also has not waived her right to bring her statutory claims in a judicial forum.  As a preliminary matter, Defendants argue that Plaintiff is not waiving her claims because she may arbitrate them.  (Reply at 3).  But the issue is not whether she has waived her ***claim***; rather, the issue is whether she has waived her right to bring the claims in a judicial forum.

---

**CIVIL MINUTES—GENERAL**                                                         **7**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 19-5020-MWF (RAOx)**          **Date: September 26, 2019**
**Title:**     Balbina Padilla v. Alta Dena Certified Dairy, LLC et al.

    Defendants cite to one district court case to argue that the explicit waiver requirement extends only to discrimination claims. (Reply at 3 (citing *Gray v. Petrossian, Inc.*, No. CV 17-6870-PSG (PJWx), 2017 WL 8792671 (C.D. Cal. Nov. 20, 2017)). However, this ruling is contrary to the weight of authority, including a non-published Ninth Circuit decision, which have held otherwise. *See, e.g., Wawock*, 649 F. App'x at 558 (waiver requirement applies to California wage and hour claims); *Vasserman v. Henry Mayo Newhall Memorial Hosp.*, 65 F. Supp. 3d 932, 964–65 (C.D. Cal. 2014) (California wage and hour law claims); *Martinez v. J. Fletcher Creamer & Son, Inc.*, No. CV 10–0968 PSG (FMOx), 2010 WL 3359372, *3 (C.D. Cal. Aug. 13, 2010) (FLSA and California statutory claims).

    Therefore, the Court concludes that the waiver requirement applies here.

    Turning then to waiver, Plaintiff has not explicitly waived her right to bring her statutory claims in a judicial forum. Based on factual similarities, the Court takes guidance from *Wawock*. There, a union member attempted to bring a class action suit against his former employer in California state court alleging that the employer failed to compensate the employees for training expenses. 649 F. App'x at 558. After being forced to arbitrate his claims, the plaintiff appealed the arbitrator's award to the district court. *Id.* The district court held that the union member should not have been required to submit his statutory claims to arbitration. *Id.*

    The Ninth Circuit affirmed. *Id.* The Ninth Circuit held that the CBA did not provide a clear waiver because the agreement "d[id] not provide that any statutory claim was arbitrable, nor later incorporate any of the statutes at issue." *Id.* at 558. "Making no reference to such claims necessarily f[ell] short of an explicit statement concerning them." *Id.* The court also rejected the employer's argument that that the CBA provided a waiver because it specified arbitration for "*all* grievances or questions" in dispute. *Id.* at 559 (emphasis in original). The court held that "[j]ust as in *Wright*, 'grievances or questions' could mean those grievances or questions under the contract." *Id.* Accordingly, the Ninth Circuit held that the CBA did not waive the employees' right to a judicial forum.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 19-5020-MWF (RAOx) | **Date:** September 26, 2019 |
| **Title:** | Balbina Padilla v. Alta Dena Certified Dairy, LLC et al. | |

Here, the CBA states that the grievance and arbitration procedure shall apply "in the event that a dispute arises over ***a violation of a specific provision of this Agreement***." (CBA at ¶¶ 35.1, 35.4) (emphasis added). This does not constitute a clear and unmistakable waiver of the union members' right to bring ***statutory*** claims in a judicial forum. This case is more straightforward than *Wright* and *Wawock* because the provision explicitly states that the grievance and arbitration procedure applies only to violation of the contract. Therefore, the CBA did not waive the union members' right to a judicial forum.

Because Plaintiff's claims are not encompassed by the CBA and she has not waived her right to bring such claims in a judicial forum, her claims are not subject to arbitration. Because the Court concludes that Plaintiffs' claims are not included in the scope of the arbitration agreement, the Court need not determine whether the agreement is also unenforceable because it is unconscionable.

Accordingly, the Motion is **DENIED**.

Plaintiff's request to strike Dockets Nos. 20, 21, 22, and 23 is **GRANTED**.

IT IS SO ORDERED.